FILED

JUN 2 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, D.C.

| | |
|---|---|
| ABDUL MED BANGURA )<br>*1634 Saratoga CT,*<br>*Fort Washington*  Plaintiff-petitioner )<br>*MD 20744  301-292-3525*<br>v. )<br> )<br>IRS, United States, James C. Brown )<br> )<br>Defendant-Respondent )<br>_____ ) | Case: 1:07-mc-00279<br>Assigned To : Friedman, Paul L.<br>Assign. Date : 6/29/2007<br>Description: Miscellaneous<br><br>PETITION TO QUASH<br>SUMMONS |

1.   Plaintiff ABDUL MED BANGURA ("bangura") petitions the Court to quash the Summons served June 11, 2007 on Plaintiff, by the Defendant INTERNAL REVENUE SERVICE ("IRS") and James C. Brown.  A copy of the Summons is attached.

2.   This is also a petition to quash two third summons(the "Andrews Federal credit union, through Vicki Swann summons" and the "Countrywide Legal Department, through Claudia Fercano summons"), pursuant to 26 U. S. C. section 7609, issued to Andrews Federal Credit Union, 5711 Allentown Road, Suitland, md 20746 and to Countrywide Legal Department, through Claudia Fercano, 5220 Los Virgenes Road, Calabasas, CA 91302 on June 08, 2007, seeking information concerning Petitioner ABDUL  BANGURA. A copy of the Summons attached.

### JURISDICTION

Bangura's claims arise under the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the U.S. Constitution.  This court has jurisdiction under Article III of the Constitution and pursuant to 26 U.S.C. section 7609(h), 28 U.S.C. section 1331 and 1343(3). Andrews Federal Credit Union, located in Allentown road, Suitland Maryland has headquarters in Washington D.C. Washington D.C. is where this Federal District court is located. This Court has jurisdiction under 26 U.S.C 7609.

However, this court lacks jurisdiction under Article III of the Constitution and pursuant to 26 U.S.C. section 7609(h), 28 U.S.C. section 1331 and 1343(3) in regards to Countrywide Legal Department, through Claudia Fercano because Countrywide located in 5220 Los Virgenes road, Calabasas, CA 91302. . Calabasas, California is

RECEIVED

JUN 2 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*l*

located outside the boundries of this Federal District Court. This Court has no jurisdiction over Countrywide under 26 U.S.C. 7609.

### RELIEF REQUESTED

Plaintiff respectfully requests an order:

a) quashing the IRS Summons issued on june 08, 2007 but served on june 11, 2007 to plaintiff at plaintiff's residence

b) alternatively, schedule an evidentiary hearing to determine the legitimacy of the Summons, and

c) Temporarily and preliminarily if not permanently enjoining and prohibiting the IRS from enforcing the summons, by directing the IRS to notify both Andrews Federal Credit Union and Countrywide Legal Department not to comply with the summons and not to send the summoned information, until the underlying questions before the court are fully determined, and

d) denying any motion to amend the summons and

e) granting such other and further relief that to the Court may seem just and proper.

### PARTIES

ABDUL BANGURA is over the age of 18, is a citizen of the United States resident permanently at 1634 Saratoga Ct, Fort Washington, Maryland 20744. He is a Certified Public Accountant, a Certified Government Financial Manager, a Certified Financial Services Auditor, a Certified Fraud Examiner and has a Masters Degree honors in Accounting and Taxation. Up to March 2006, ABDUL BANGURA was an employee of Resource Services Washington, a civil service arm of the United States army Pentagon located at the Pentagon, Arlington Virginia.

The UNITED STATES is the Federal government created in 1787 by the several states. On information and belief, the INTERNAL REVENUE SERVICE: (IRS") Is an agency of the Executive Branch of the United States and a division of the U.S. Department of the Treasury; The Defendant James C. Brown is an IRS Agent and an employee of the IRS.

### STATEMENT OF THE CASE

**This Petition arises from the service of an IRS "three-party"** summons on Bangura's Bank and Home Loan Bank-Countrywide Home loan services's legal Department and the violation of Plaintiff's Rights as guaranteed by certain Amendments to the Constitution of the United States of America: the First Amendment's guarantee of

the right of free speech, Association and Petition; the Fourth Amendment's guarantee of the right to privacy and against unreasonable searches and seizures; the Fifth and Fourteenth Amendments's guarantee of the right to Due Process; and the Ninth Amendment's guarantee of the right to be left alone.

Having no prima facie case, Defendants have issued the subject summons in bath faith.

The IRS has no jurisdiction over Bangura under Article I, section 8, Clause 17 of the constitution.

## THE FACTS AND THE ARGUMENTS

The facts and the arguments in support of this Petition are included in Plaintiff's Memorandum of Law and Declaration (attached).

Respectfully submitted,

ABDUL MED BANGURA Pro se   June 28, 2007
SARATOGA CT
FORT WASHINGTON
MARYLAND, 20744

301-292-3525(H)
301-356-8811(CELL)

**Plaintiff's Memorandum of Law and Declaration**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, D.C.

| | |
|---|---|
| ABDUL MED BANGURA )<br>)<br>  Plaintiff-petitioner  )<br>)<br>v.  )<br>)<br>IRS, United States, James C. Brown )<br>)<br>  Defendant-Respondent  )<br>) | Case No:<br><br><br><br><br>PETITION TO QUASH<br>SUMMONS |

1. Plaintiff ABDUL MED BANGURA ("bangura") petitions the Court to quash the Summons served June 11, 2007 on Plaintiff, by the Defendant INTERNAL REVENUE SERVICE ("IRS") and James C. Brown. A copy of the Summons is attached.

2. This is also a petition to quash two third summons(the "Andrews Federal credit union, through Vicki Swann summons" and the "Countrywide Legal Department, through Claudia Fercano summons"), pursuant to 26 U. S. C. section 7609, issued to Andrews Federal Credit Union, 5711 Allentown Road, Suitland, md 20746 and to Countrywide Legal Department, through Claudia Fercano, 5220 Los Virgenes Road, Calabasas, CA 91302 on June 08, 2007, seeking information concerning Petitioner ABDUL BANGURA. A copy of the Summons attached.

**THE FACTS AND THE ARGUMENTS**

Prior to Petitioner's leaving Federal service on March 2006, Petitioner filed a discrimination complaint against Petitioner's supervisor at the U.S. ARMY PENTAGON. Petitioner's supervisor whose name petitioner will not mention here right at this stage of the proceedings, threatened to disrupt petitioner's professional life by making sure that the IRS come after Petitioner constantly because according to said supervisor, she had contacts there and knows hound dogs who will go after petitioner

Petitioner did not take threat seriously then but two months later, about June 2006, an IRS agent in the name of OBI from the 500 North Capitol street called Petitioner on the phone before sending petitioner a letter, requesting petitioner to meet agent –OBI at his office to audit Petitioner's 2004 and 2005 tax returns. Petitioner understanding the law

FILED

JUN 2 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

having been to law school for 4 years, and being a Certified Public Accountant readily complied and petitioner appeared for the audit. After the audit Petitioner was issued a tentative report of liability for about $8000.00. Petitioner later appealed but agent OBI took no further action.

On March again this year, Petitioner received a telephone call from another IRS Agent, this time a Mr. James C. Brown, inviting himself to petitioner's house to perform an IRS EXAMINATION OF PETITIONER'S 2004 AND 2005 tax returns. Petitioner informed now Defendant Brown that petitioner had completed such an examination recently with another IRS agent called OBI and for almost a year now petitioner has heard nothing. Agent Brown insisted that he agent Brown must come to petitioner's house to examine petitioner's business operations.

At this point petitioner informed agent Brown that there was nothing left to examine of petitioner and that petitioner was a Federal Employee during 2004 and 2005 tax years, although petitioner did file a few taxes for the public and every income earned was already disclosed in petitioner's tax returns for the respective years. Agent Brown became adamant and threatened to come to petitioner's house. At this time petitioner told agent Brown to secure a summons properly executed in accordance with established rule of law, jurisdiction and authority or agent Brown will not be permitted to enter petitioner's house and petitioner will have the police ready to remove Agent Brown if he attempted illegal entry.

A month later two people showed up at petitioner's residence identifying themselves as agents from the INSPECTOR GENERAL'S OFFICE in Washington D.C , FLASING WHAT APPEARED TO BE LAW ENFORCEMENT POLICE BADGES OF THE DEPARTMENT OF JUSTICE, WITH ONE OF THEM A MAN SHOWING A GUN ON HIS RIGHT SIDE AND THE OTHER A WOMAN HOARDING SOME FILES ON HER CHEST. The so called agents from the Inspector General's Office demanded Petitioner opened the door and let them in. Petitioner gently opened the door offered them a drink and inquired into the purpose of their visit with petitioner that day. The two Inspector general's agents responded by saying that they were sent to examine Petitioner's academic credentials claim of Certified Public Accountancy ('CPA"). Petitioner realising one of them had a gun decided to lead them to petitioner's professional accolades which were fortunately proudly and impressively displayed on petitioner's living room and petitioner said no more. After the Inspector General's agents were satisfied they said good-bye to petitioner and peacefully left. Petitioner was totally under duress during the short visit of the agents but while puzzled and felt literally seized and invaded petitioner decided to let it go. On June 11, 2007 Petitioner received the subject summons.

## ARGUMENTS

**Petitioner does offer tax services for individuals and the public and has a right to be able to do so and has always complied with a reasonable request from the IRS to examine Petitioner's income and expenses. Petitioner disagrees with the present request because: It is not only unreasonable on its face,**

1. the subject request is onerous and overly burdensome for petitioner and third parties summoned to comply with.
2. the subject request is overbroad and overreaching and violates petitioners certain constitutional rights already enumerated earlier.
3. the subject request has no legal or legitimate purpose except to intimidate, harass and go fishing for a GOT-HA with the hope that some excuse can be manufactured before it is over.
4. petitioner has always filed tax returns (compliance) timely and received refunds for the subject request tax years of 2004 and 2005, and neither has anything been questioned or disallowed nor has any tax liability been outstanding. Did the IRS need to gather documents to determine Petitioner's income and subsequent tax liability? If that is the case and it should be in the absence of any other clandestine motives, then the IRS NEED ONLY PERFORM A DESK REVIEW OF ALL THE INFORMATION IN THEIR POSSESSION ESPECIALLY WHERE THERE HAS BEEN FULL COMPLIANCE. The IRS claims for seeking the information are frivolous and suspicious of abuse of the process.
5. this IRS summons are defective because they are too broad, not issued in good faith, and violative of controlling law, as well as of petitioner's person, petitioner's privacy, constitutional rights, and petitioner's natural rights, which would and ought to be protected by the government.
6. It is easy to raise a claim that the IRS has an improper purpose for seeking out the information it sought to seek from petitioner and third parties because the summons requests in its language "ALL BANK STATEMENTS"; "ALL BOOKS, PAPERS, RECORDS,ETC ";" ALL RECORDS ON ANY LOAN TRANSACTION"-as opposed to seeking SPECIFIC records, books statements or transactions. The sad, very sad truth is that knowing what petitioner knows of petitioner's bank transactions, books and records or even loans, this court would be so shocked in conscience WHY any one in his or her right mind would waste government resources to search for a needle in a hay stark if in fact a needle may be found. Nonetheless, to allow this is to encourage a travesty of justice or better yet to be cheerleaders to financial terrorists in sheeps clothing. How relevant is the information the IRS seeking from petitioner and third parties to the issue of determining petitioner's tax liability?
7. According to the law, The Secretary of the Treasury, or the IRS as his designee, may examine any books, papers, records, or other data which may be relevant or material to….' Ascertaining the correctness of any return and may issue summons to those in 'possession, custody, or care' thereof to appear and produce them to the IRS." La Mura, 765 F.2d at 978-79 (quoting 26 U.S.C section 7602). "The IRS's power to investigate under section 7602 has been described as 'broad' and 'expansive.'"
8. The power to investigate is not without limit, however. "To obtain enforcement of a summons, the IRS must demonstrate (1) that the investigation will be conducted pursuant to a legitimate purpose, (2) that the

steps necessary to the issuance of a summons." Id. (citing United States v. Powell, 379 U. S 48, 57-59, 85 S. Ct 248, 255 (1964)).

9. A summons for records or documents maintained by a third-party is issued for a legitimate purpose so long as the IRS is investigating potential criminal violations of the tax code and has not already referred the matter to the Department of Justice for criminal prosecution. Id.
10. While the government's burden of showing relevance is "slight", information is relevant if it "might throw light upon the correctness of the taxpayer's return." Id The government must establish that it has a "realistic expectation rather than an idle hope that something might be discovered."
11. the subject summons have been issued by an unauthorized person, they lack jurisdiction and are unenforceable.
12. Finally, unless the IRS can overcome its burden, which it has yet to do, this court must quash this summons.

Respectfully submitted,

ABDUL MED BANGURA  Pro see
SARATOGA CT
FORT WASHINGTON
MARYLAND,20744

301-292-3525(H)
301-356-8811(CELL)

Case 1:07-mc-00279-PLF    Document 1    Filed 06/29/2007    Page 8 of 10



# Summons

In the matter of **Abdul Bangura**
Internal Revenue Service (Division): Small Business/Self Employed Division
Industry/Area (name or number): South Atlantic/Area 3
Periods: Calendar years ending December 31, 2004 and December 31, 2005

## The Commissioner of Internal Revenue

**To:** Andrews Federal Credit Union, through Vicki Swann
**At:** 5711 Allentown Road, Suitland, MD 20746-4547

You are hereby summoned and required to appear before James C. Brown, Revenue Agent, ID No. 52-32064 an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

1). All bank statements including records of certificates of deposit and savings account passbook, signature cards, deposit slips and deposited items, cancelled checks, and entry records for any safe deposit boxes maintained for the period 1/1/04 through 12/31/05 over which the above named taxpayer had any signatory authority.

2). All books, papers, records, financial statements, and other data reflecting the assets and liabilities of the above named taxpayer for the period 1/1/04 through 12/31/05.

3). All records on any loan transactions involving the above named taxpayer for the period 1/1/04 through 12/31/05.

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**
500 North Capitol Street NW, Room 1400, Washington, DC 20221    202-874-0520

**Place and time for appearance at** 500 North Capitol St NW, Room 1400, Washington, DC 20221  Telephone:(202) 874-0520

**IRS**

to appear or return by mail on the 10th day of July, 2007 at 9 o'clock a. m.
Issued under authority of the Internal Revenue Code this 8th day of June, 2007.

Department of the Treasury
Internal Revenue Service
www.irs.gov

_James C. Brown_
Signature of issuing officer — Revenue Agent / Title

_Delan Tucker_
Signature of approving officer (if applicable) — Group Manager / Title

Form 2039 (Rev.12-2001)
Catalog Number 21405J

Part C — to be given to noticee



# Summons

In the matter of Abdul Bangura
Internal Revenue Service (Division): Small Business/Self Employed Division
Industry/Area (name or number): South Atlantic/Area 3
Periods: Calendar year ending December 31, 2005

## The Commissioner of Internal Revenue

**To:** Countrywide Legal Department, through Claudia Fercano

**At:** 5220 Los Virgenes Road, Calabasas, CA 91302

You are hereby summoned and required to appear before James C. Brown, Revenue Agent, ID No. 52-32064 an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

1). All records on any loan transactions involving the above named taxpayer for the period 1/1/05 through 12/31/05, including details of any cash/check payments by said taxpayer.

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**
500 North Capitol Street NW, Room 1400, Washington, DC 20221   202-874-0520

**Place and time for appearance at** 500 North Capitol St NW, Room 1400, Washington, DC 20221 Telephone:(202) 874-0520

to appear or return by mail

**IRS**
on the 10th day of July 2007 at 9 o'clock a. m.
Issued under authority of the Internal Revenue Code this 8th day of June, 2007

Department of the Treasury
Internal Revenue Service
www.irs.gov

Signature of issuing officer — Revenue Agent / Title

Signature of approving officer (if applicable) — Group Manager / Title

Form 2039 (Rev.12-2001)
Catalog Number 21405J

**Part C —** to be given to noticee



# Provisions of the Internal Revenue Code

## Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc. - For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized -

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.
(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry

(b) Purpose may include inquiry into offense - The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties -
(1) General Notice. - An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.
(2) Notice of specific contacts. - The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer
(3) Exceptions. - This subsection shall not apply-
(A) to any contact which the taxpayer has authorized,
(B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or
(C) with respect to any pending criminal investigation

(d) No administrative summons when there is Justice Department referral.-
(1) Limitation of authority. - No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person
(2) Justice Department referral in effect. - For purposes of this subsection-
(A) In general. - A Justice Department referral is in effect with respect to any person if-
(i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws or
(ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person
(B) Termination - A Justice Department referral shall cease to be in effect with respect to a person when-
(i) the Attorney General notifies the Secretary, in writing, that -
(I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,
(II) he will not authorize a grand jury investigation of such person with respect to such an offense, or
(III) he will discontinue such a grand jury investigation.
(ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or
(iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).
(3) Taxable years, etc , treated separately. - For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination on unreported income - The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income

Authority to examine books and witness is also provided under sec. 6420 (e)(2) - Gasoline used on farms: sec. 6421(g)(2) - Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes, and sec. 6427(j)(2) - Fuels not used for taxable purposes

* * * * *

## Sec. 7603. Service of summons

(a) In general - A summons issued under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode, and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty

(b) Service by mail to third-party recordkeepers. -
(1) In general. - A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper
(2) Third party record keeper - For purposes of paragraph (1), the term *third-party recordkeeper* means -
(A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501 (c)(14)(A)),
(B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C 1681 a(f)),
(C) Any person extending credit through the use of credit cards or similar devices,
(D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U S.C 78c(a)(4));
(E) any attorney,
(F) any accountant,
(G) any barter exchange (as defined in section 6045(c)(3)),
(H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof,
(I) any enrolled agent; and
(J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)) Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates.

## Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court. - If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement. - Whenever any person summoned under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner' for the district within which the person so summoned resides or is found for an attachment against him as for a contempt, it shall be the duty of the judge or commissioner' to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commissioner' shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

* * * * *

## Sec. 7605. Time and place of examination

(a) Time and place. - The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421 (g)(2) or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons.

'Or United States magistrate, pursuant to P L 90-578.

## Sec. 7610. Fees and costs for witnesses

(a) In general. - The secretary shall by regulations establish the rates and conditions under which payment may be made of -
(1) fees and mileage to persons who are summoned to appear before the Secretary, and
(2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons

(b) Exceptions. - No payment may be made under paragraph (2) of subsection (a) if -
(1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, or
(2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such

(c) Summons to which section applies. - This section applies with respect to any summons authorized under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602.

## Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda or other papers, as required under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), 7602, 7603, and 7604(b), neglects to appear or to produce such books, accounts, records memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution

Form **2039** (Rev.12-2001)