IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ABDUL MED BANGURA, | ) | |
| | ) | |
| Plaintiff-Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:07-mc-00279 |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| UNITED STATES, | ) | |
| JAMES C. BROWN, | ) | |
| | ) | |
| Defendants- | ) | |
| Respondents. | ) | |

**MOTION FOR SUMMARY DENIAL OF PETITION TO QUASH SUMMONSES**

Respondents Internal Revenue Service (the "Service"), United States, and James

C. Brown move this Court to deny the petition to quash summonses.

As grounds for its motion, Respondents submit that (1) this Court lacks

jurisdiction over one of the summoned parties, (2) the Service established a prima facie

case for the validity of the summons(es), and (3) Petitioner has failed to rebut the prima

facie case.

A memorandum of points and authorities in support of this motion, the

declaration of James C. Brown, and a proposed order are submitted herewith.

//

//

//

//

2748937.1

- 2 -

DATE: October 12, 2007

Respectfully submitted,

 /s/ Jan M. Geht
JAN M. GEHT
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
Telephone: (202) 307-6449
Fax: (202) 514-6866
E-mail: jan.m.geht@usdoj.gov
*Counsel for the United States*

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

2748937.1

- 3 -

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing MOTION FOR SUMMARY DENIAL OF

PETITION TO QUASH SUMMONSES was served on October 12, 2007, by ECF and by

placing a true and correct copy thereof in the United States mail, postage prepaid,

addressed as follows:

ABDUL MED BANGURA
1634 Saratoga Court
Fort Washington, MD 20744

and by first-class mail to:

*Summoned Parties*:

ANDREWS FEDERAL CREDIT UNION
Through Vicki Swann
5711 Allentown Road
Suitland, MD 20746-4547

COUNTRYWIDE LEGAL DEPARTMENT
Through Claudia Fercano
5220 Los Virgenes Road, Calabasas, CA 91302


 /s/ Jan M. Geht
JAN M. GEHT

2748937.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ABDUL MED BANGURA, | ) | |
| | ) | |
| Plaintiff-Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:07-mc-00279 |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| UNITED STATES, | ) | |
| JAMES C. BROWN, | ) | |
| | ) | |
| Defendants-<br>Respondents. | )<br>) | |

MEMORANDUM IN SUPPORT OF RESPONDENTS' MOTION FOR SUMMARY
<u>DENIAL OF PETITION TO QUASH SUMMONSES</u>

      This is a proceeding in which Petitioner seeks to quash Internal Revenue Service

(the "Service") administrative summonses issued to him[1] and two unrelated third

parties in the course of a duly instituted Federal tax investigation.

QUESTIONS PRESENTED

1.     Does this Court have jurisdiction over Countrywide Legal Department?

2.     Has the United States made out a prima facie case for the validity of the

     summons at issue?

---

[1]Petitioner attempts to quash summons issued to him and asserts that he
attached said summons to his petition.  However, no summonses were issued to
Petitioner personally nor was any copy thereof attached to his petition.  Accordingly,
this Court should disregard his allegation that he received an administrative summons.

3.      Has Petitioner demonstrated specific facts entitling him to an evidentiary

hearing, to discovery, or to an order quashing the summons?

STATEMENT

Revenue Agent James C. Brown was assigned the task of examining Petitioner's

federal tax returns for the calendar years ending December 31, 2004 and December 31,

2005.  (Brown Decl. ¶ 2.)  During his examination of Petitioner, Revenue Agent Brown

learned that Petitioner purchased a half-million dollar residence, and therefore

determined that Petitioner may have additional unreported income.  (Brown Decl. ¶ 5.)

Petitioner was uncooperative during the course of the examination, asserting that he

was not required to provide records.  (Brown Decl. ¶ 6.)

Revenue Agent Brown learned that Countrywide Home Loans Inc. was the

primary lender for the residence and Andrews Federal Credit Union was Petitioner's

financial institution.  (Brown Decl. ¶ 5.)   For purposes of identifying any unreported

income, Revenue Agent Brown issued summonses to Andrews Federal Credit Union

and Countrywide Legal Department.  (Id.)  Summonsed from Andrews Federal Credit

Union were bank statements related to Petitioner's account(s), as well as any other

financial or loan information in the possession of the summonsed party.  (Ex. 102.)

Summonsed from Countrywide Legal Department were records related to any loan

transactions relating to Petitioner's mortgage(s).  (Ex. 101.)  These records "are relevant

and necessary to the purpose of the examination in that they may shed light on the

correct tax liabilities of" Petitioner for the relevant tax periods.  (Brown Decl. ¶ 13.)

2748991.2

Notices of the issuance of the summonses were given to Petitioner on or about June 8, 2007. (Brown Decl. ¶ 10.) The Service has otherwise complied with all material provisions required by the Internal Revenue Code of 2007, with respect to the summonses in this case. (Brown Decl. ¶ 14.)

Petitioner caused compliance with the summonses to be stayed by filing the instant Petition to Quash Summons on or about June 29, 2007. (Brown Decl. ¶ 12.)[2] The petition, as grounds for quashing the summonses, alleges that the summonses violate "the First Amendment guarantee of the right of free speech, Association and Petition; the Fourth Amendment's guarantee of the right to privacy and against unreasonable searches and seizures; the Fifth and Fourteenth Amendments's (sic) guarantee of the right to Due Process; and the Ninth Amendment's guarantee of the right to be left alone." (Pet. at 2-3.)

SUMMARY OF THE ARGUMENT

In its response to the petition, and in accordance with 26 U.S.C. § 7609(b)(2)(A), the United States is seeking to deny the petition to quash the third-party summonses issued to Countrywide Legal Department and to Andrews Federal Credit Union. First, this Court lacks jurisdiction over Countrywide Legal Department. Second, by this memorandum and the Declaration of James C. Brown, the United States demonstrates

---

[2]Revenue Agent Brown received some records on July 5, 2007 in sealed envelope(s). (Brown Decl. ¶ 13.) Records have not been unsealed or examined. (Id.) Because the records have not been unsealed or examined, it is not known if the records are responsive to the summonses or whether the production is complete.

3

that a prima facie case for the validity of the summonses exists.  Moreover, Petitioner

has neither alleged nor shown any specific facts which provide any basis for quashing

the summonses, or even for holding an evidentiary hearing in connection with the

petition or supporting any discovery against the United States.

ARGUMENT

I.    <u>The Court Has No Jurisdiction over the Administrative Summons Issued to</u>

<u>Countrywide Legal Department</u>

Petitioner, in his petition, states that "this court lacks jurisdiction under Article III

of the Constitution and pursuant to 26 U.S.C. section 7609(h), 28 U.S.C. section 1331 and

1343(3) in regards to Countrywide Legal Department, through Claudia Fercano because

Countrywide located in 5220 Los Virgenes road, Calabasas, CA 91302.  Calabasas,

California is located outside the boundaries of this Federal District Court.  This Court

has no jurisdiction over Countrywide under 26 U.S.C. 7609."  (Pet. at 1-2.)

The United States concurs with Petitioner that this Court lacks jurisdiction over

Countrywide Legal Department.  A petition to quash a summons must be filed in the

judicial district in which the summoned party is located.  26 U.S.C. § 7609(h).  <u>See also</u>

<u>Deal v. United States</u>, 759 F.2d 442, 443-44 (5th Cir. 1985); <u>Abell v. Sothen</u>, 214 Fed.

Appx. 743, 756-57 (10th Cir. 2007); <u>Beck v. United States</u>, 60 Fed. Appx. 551, 552 (6th Cir.

1996); <u>Harrison v. United States</u>, 2006 WL 1358682, *2 (D.Md. 2000).  Accordingly, the

4

United States submits that the petition, as it relates to Countrywide Legal Department, must be denied.[3]

II.    The United States Has Established a Prima Facie Case for the Validity of the Summons

The standards for evaluating the validity of a Service administrative summons are well-established.  To demonstrate a prima facie case for enforcement, the United States need only show:  1) that the summons was issued for a proper purpose; 2) that the information sought may be relevant to that purpose; 3) that the information being sought is not already in possession of the Service; and 4) that the administrative steps required by the Internal Revenue Code with respect to the issuance and service of a summons have been followed.  See United States v. Powell, 379 U.S. 48, 57-58 (1964); United States v. Judicial Watch, Inc., 371 F.3d 824, 829 (D.C. Cir. 2004).  The declaration of Revenue Agent Brown further makes it clear that there has been no "Justice Department referral" of the case.  (Brown Decl. ¶ 4.)  See Nicholls v. United States, 1983 WL 1660, *1 (D.D.C. 1983) (finding the Revenue Agent's declaration sufficient on this point).

Revenue Agent Brown's declaration establishes all of the requisite standards not only for the denial of the petition, but for enforcement of the summonses.  First, it

---

[3]In the event that the Court finds that it has jurisdiction over Countrywide Legal Department, Respondents respectfully request that the Court consider the arguments regarding summons issued to Andrews Federal Credit Union as applying with equal force to the summons issued to Countrywide Legal Department.

establishes that the summons were issued for a proper purpose, i.e., an investigation of potential unreported income. Powell, 379 U.S. at 57 (noting that the Service can issue a summons to investigate "merely on suspicion that the law is being violated, or even just because it wants assurance that it is not.") (citation omitted).

Second, the information sought by the summons may be relevant to Revenue Agent Brown's investigation. See, e.g., United States v. Arthur Young & Co., 465 U.S. 805, 814 (1984) (stating that the language "may be" in Section 7602 reflects Congress' express intention to allow the Service to obtain "items of even *potential* relevance to an ongoing investigation, without reference to its admissibility.") Revenue Agent Brown expects that the obtained records will reveal information relative to Petitioner's potential under-reporting of taxable income. See, e.g., Sylvestre v. United States, 978 F.2d 25, 27 (1st Cir. 1992) (records of taxpayer's savings accounts, checking accounts, and the like are relevant to purpose of determining possible income tax liability).

Third, Revenue Agent Brown's declaration expressly states that the Service "does not have in its possession, nor does it have access to, any of the information or records requested in the summonses." (Brown Decl. ¶ 7.) See United States v. Judicial Watch, Inc., 266 F. Supp. 2d 1, 13 (D.D.C. 2002) (finding the Revenue Agent's declaration sufficient on this point).

Finally, all of the administrative steps for the issuance and service of the summons have been followed. Specifically, the issuing Revenue Agent was authorized to utilize the summons, the summons were served on authorized representatives of the

2748991.2

summoned parties by the Revenue Agent, and proper notices were given to Petitioner. (Brown Decl. ¶¶ 1, 2, 9, 11, 14.)

Given the foregoing demonstration of the existence of a prima facie case for the validity of the third-party record-keeper summons, the burden shifts to and falls upon Petitioner to disprove the existence of a valid purpose or to show that enforcement of the summons would otherwise be an abuse of the Court's process.  See United States v. Powell, 379 U.S. at 58; United States v. Judicial Watch, Inc., 266 F. Supp. 2d at 13.  This burden is a heavy one, United States v. LaSalle Nat'l Bank, 437 U.S. 298, 316 (1978), described by the Third Circuit as an "insurmountable" one.  Pickel v. United States, 746 F.2d 176, 184-185 (3d Cir. 1984).

As explained below, Petitioner has not borne his burden, and therefore, the petition should be denied.

III.    Petitioner Has Failed to Demonstrate Specific Facts Entitling Him to an Evidentiary Hearing, to Discovery, or to an Order Quashing the Summons.

"Because the IRS has established a prima facie case for enforcement by presenting the affidavits of knowledgeable IRS personnel who have attested to the Powell good-faith elements, the burden shifts to the [Petitioner] to introduce some evidence to support its allegations of bad faith on the part of the government."  United States v. Judicial Watch, Inc., 266 F. Supp. 2d at 13.  The United States submits that the defects asserted in the petition are neither sufficiently specific nor legally material.

2748991.2

A.    *The Subject Request Is Neither Onerous nor Overly Burdensome for Third*

*Parties Summoned to Comply With*

In paragraph 1 of his Arguments, Petitioner states that "the subject request is

onerous and overly burdensome for petitioner and third parties summoned to comply

with." (Pet. at third unnumbered page following page 3.)  First, as noted above, there is

no outstanding summons for Petitioner.  Second, Petitioner lacks standing to challenge

how onerous or burdensome a request on a third party may be.  That challenge needs to

come from the summoned party.  And finally, the summonsed parties have already

produced requested documents, though they remain sealed during the pendency of this

motion, so clearly the request was neither onerous or overly burdensome.

B.    *The Subject Request Is Neither Overbroad Nor Overreaching, nor Does It Violate*

*Petitioner's Constitutional Rights*

In paragraph 2 of his Arguments, Petitioner states that "the subject request is

overbroad and overreaching and violates certain constitutional rights already

enumerated earlier." (Pet. at third unnumbered page following page 3.)

Petitioner does not explain why the summons are overbroad or overreaching,

nor could he.  The Service believes that Petitioner under-reported his income.  To find

out whether or not he did, it needs his financial records for the taxable years in

question.

With respect to Petitioner's First Amendment claim, he must demonstrate that

disclosure of the summonsed information will be prejudicial to him, subjecting him to

2748991.2

public hostility, or deterrence of his right to free association.  <u>Bronner v. Commissioner</u>, 72 T.C. 368, 371 (1979).  Petitioner failed to allege any specific facts tending to indicate any such prejudice.  In the absence of specific facts, "generalized dread, undoubtedly shared by many taxpayers, of investigation by the IRS" is not sufficient to establish a First Amendment violation.  <u>United States v. Judicial Watch, Inc.</u>, 371 F.3d at 832.

With respect to Petitioner's Fourth Amendment claim, "the Fourth Amendment does not prohibit the obtaining of information revealed to a third party and conveyed by him to Government authorities, even if the information is revealed on the assumption that it will be used only for a limited purpose and the confidence placed in the third party will not be betrayed."  <u>United States v. Miller</u>, 425 U.S. 435, 443 (1976). Accordingly, Petitioner has no viable Fourth Amendment claim in a situation where the summonses are served upon third parties, as is the case here.  Furthermore, as long as summonsed information is relevant to a lawful investigation, is definitely described, and is adequate, but not excessive for purposes of the investigation, the Fourth Amendment is not violated.  <u>United States v. Judicial Watch, Inc.</u>, 371 F.3d at 833. Petitioner has failed to adequately establish that the investigation in this case was not lawful, that the information was not definitely described, or that it was excessive. Finally, the fact that the records called for are extensive is irrelevant in the Fourth Amendment context.  <u>United States v. Judicial Watch, Inc.</u>, 266 F. Supp. 2d at 21.

2748991.2

With respect to Petitioner's Fifth Amendment claim, Plaintiff alleges that his procedural due process rights have been violated.[4]  A violation of the Fifth Amendment due process rights occur when governmental action does not provide adequate notice and opportunity for a hearing.  <u>Matthews v. Eldridge</u>, 424 U.S. 319 (1976).  Neither is lacking in this case.  Petitioner received notice of the summons, and was afforded the opportunity to file a petition with regard to the summonses.  The procedural requirements in the statutory framework of 26 U.S.C. § 7609 provide for an adequate remedy to Petitioner.

With respect to Petitioner's Ninth Amendment claim, Petitioner cites no authority for the proposition that the Ninth Amendment provides relief to a taxpayer in a context of summons issued by the Service.  His argument is therefore waived.  <u>See Vanderhoof v. Commissioner</u>, 73 F. Supp. 2d 1165, 1171 (E.D. Cal. 1999) (finding unsupported allegations of a Ninth Amendment violation "not supported by case law or by any argument other than mere conclusory statements" and therefore deeming them waived).

---

[4]With respect to Petitioner's Fourteenth Amendment claim, it appears that Plaintiff is asserting that his due process rights have been violated.  However, since the Service is a federal agency, his claim for a due process violation can only be styled as a Fifth Amendment claim because the Fourteenth Amendment, buy its terms, only applies to the states.  <u>San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.</u>, 483 U.S. 522, 543 n. 21 (1987); <u>Powers-Bunce v. District of Columbia</u>, 479 F. Supp. 2d 146, 153 (D.D.C. 2007).

2748991.2

C.    *The Subject Request Has Legitimate Purpose*

In paragraph 3 of his Arguments, Petitioner states that "the subject request has

no legal or legitimate purpose except to intimidate, harass and go fishing for a GOT-HA

with the hope that some excuse can be manufactured before it's over."  (Pet. at third

unnumbered page following page 3.)

Petitioner asserts that the investigation of his tax returns stemmed from a

discrimination complaint allegedly filed by Petitioner against his supervisor while in

federal service at the Pentagon.  (Pet. at first unnumbered page following page 3.)  If a

summons is issued for an improper purpose, such as harassment, courts may refuse to

enforce the summons.  <u>Donaldson v. United States</u>, 400 U.S. 517 (1971).  However, no

materials in the administrative file indicate that any referral was made by a Pentagon

employee.  (Brown Decl. ¶ 8.) Nor was Revenue Agent Brown aware of any such

referral when he issued the summonses.  (<u>Id</u>.)  Accordingly, Petitioner has failed to

establish that summons were issued for an improper purpose.

D.    *The Summonses Are Necessary to Evaluate the Accuracy of Petitioner's Tax*
      *Returns*

In paragraph 4 of his Arguments, Petitioner states that

> [P]etitioner has always filed tax returns (compliance) timely
> and received refunds for the subject request tax years of 2004
> and 2005, and neither has anything been questioned or
> disallowed nor has any tax liability been outstanding.  Did
> the IRS need to gather documents to determine Petitioner's
> income and subsequent tax liability?  If that is the case and it

> should be in the absence of any other clandestine motives,
> then IRS NEED ONLY PERFORM A DESK REVIEW OF ALL
> THE INFORMATION IN THEIR POSSESSION
> ESPECIALLY WHERE THERE HAS BEEN FULL
> COMPLIANCE.  The IRS claims for seeking this information
> are frivolous and suspicious of abuse of the process."

(Pet. at third unnumbered page following page 3.)  Petitioner's conclusory statements

aside, Agent Brown had reason to believe, based on Petitioner's purchase of a half-

million dollar residence, that Petitioner under-reported his taxable income.  The entire

purpose of issuing a summons is to discover information *not* in the possession of the

Service.[5]  Reviewing only the information submitted by Petitioner would not identify

instances where he failed to submit necessary documents in the first place.

     E.    *The Summonses Are Not Defective*

In paragraph 5 of his Arguments, Petitioner states that "this IRS summons are

defective because they are too broad, not issued in good faith, and violative of

controlling law, as well as of petitioner's person, petitioner's privacy, constitutional

rights, and petitioner's natural rights, which would and ought to be protected by the

government."  (Pet. at third unnumbered page following page 3.)

As explained in various part of this brief, the summonses are not too broad, they

were issued in good faith, they were not in violation of any controlling law or of any of

Petitioner's other rights.

---

[5]The Commissioner "can investigate merely on suspicion that the law is being violated, or even just because [he] wants assurances that it is not."  <u>United States v. Powell</u>, 379 U.S. 48, 57 (1964).

F.    *The Service Had No Improper Purpose in Seeking the Requested Records*

In paragraph 6 of his Arguments, Petitioner states that

> It is easy to raise a claim that the IRS has an improper
> purpose for seeking out the information it sought to seek
> from petitioner and third parties because the summons
> requests in its language 'ALL BANK STATEMENTS'; 'ALL
> BOOKS, PAPERS, RECORDS, ETC'; 'ALL RECORDS ON
> ANY LOAN TRANSACTION'-as opposed to seeking
> SPECIFIC records, books, statements or transactions.  The
> sad, very sad truth is that knowing what petitioner knows of
> petitioner's bank transactions, books and records or even
> loans, this court would be so shocked in conscience WHY
> any one in his or her right mind would waste government
> resources to search for a needle in a hay stark (sic) if in fact a
> needle may be found.  Nonetheless, to allow this is to
> encourage a travesty of justice or better yet to be
> cheerleaders to financial terrorists in sheeps (sic) clothing.
> How relevant is the information the IRS seeking from
> petitioner and third parties to the issue of determining
> petitioner's tax liability.

(Pet. at third unnumbered page following page 3.)  Petitioner's conclusory statements

aside, Agent Brown had reason to believe, based on Petitioner's purchase of a half-

million dollar residence, that Petitioner under-reported his taxable income.  The entire

purpose of issuing summons is to discover information *not* in the possession of the

Service.  Reviewing only the information submitted by Petitioner would not identify

instances where he failed to submit the necessary documents in the first place.

G.    *The Subject Summons Have Been Issued by an Authorized Person*

2748991.2

In paragraph 11 of his Arguments, Petitioner states that "the subject summons have been issued by an unauthorized person, they lack jurisdiction and are unenforceable."  (Pet. at fourth unnumbered page following page 3.)

Revenue Agent Brown's declaration establishes that he was an authorized person, that the summonses were properly issued and are, therefore, enforceable. Petitioner's unsupported conclusory statements must be disregarded.

CONCLUSION

For the foregoing reasons, the petition to quash summonses should be dismissed.

DATE: October 12, 2007

Respectfully submitted,

 /s/ Jan M. Geht
JAN M. GEHT
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
Telephone: (202) 307-6449
Fax: (202) 514-6866
E-mail: jan.m.geht@usdoj.gov
*Counsel for the United States*

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

14

2748991.2

## **CERTIFICATE OF SERVICE**

IT IS CERTIFIED that the foregoing MEMORANDUM IN SUPPORT OF

RESPONDENTS' MOTION FOR SUMMARY DENIAL OF PETITION TO QUASH

SUMMONSES was served on October 12, 2007, by ECF and by placing a true and

correct copy thereof in the United States mail, postage prepaid, addressed as follows:

ABDUL MED BANGURA
1634 Saratoga Court
Fort Washington, MD 20744

  /s/ Jan M. Geht
JAN M. GEHT

15

2748991.2

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ABDUL MED BANGURA, | ) | |
| | ) | |
| Plaintiff-Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:07-mc-00279 |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| UNITED STATES, | ) | |
| JAMES C. BROWN, | ) | |
| | ) | |
| Defendants- | ) | |
| Respondents. | ) | |

## <u>ORDER OF DISMISSAL</u>

Having considered Respondents' motion to dismiss the petition to quash summonses in respect of the summonses issued to Andrews Federal Credit Union and to Countrywide Legal Department, together with the memorandum of points and authorities in support thereof, and having further considered Petitioner's opposition thereto, the Court concludes that the motion ought to be granted. Accordingly, it is this _____ day of October, 2007, at Washington, District of Columbia,

ORDERED that Respondents' motion to dismiss the petition in respect of summonses issued to Andrews Federal Credit Union and to Countrywide Legal Department, be and hereby is GRANTED;

ORDERED that the petition to quash summonses, in respect of the summonses issued to Andrews Federal Credit Union and to Countrywide Legal Department, be and hereby is DISMISSED;

2748913.1

- 2 -

and it is further

ORDERED that the Clerk shall forward conformed copies of this order to the

representatives of the parties and the summoned parties listed below.

_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

*For Petitioner*:          ABDUL MED BANGURA
                           1634 Saratoga Court
                           Fort Washington, MD 20744

*For Respondents*:         JAN M. GEHT
                           Trial Attorney, Tax Division
                           U.S. Department of Justice
                           P.O. Box 227
                           Washington, D.C.  20044

                           JEFFREY A. TAYLOR
                           United States Attorney
                           District of District of Columbia
                           Judiciary Center Building
                           555 4th Street, NW
                           Washington, DC   20530

*Summoned Parties*:        ANDREWS FEDERAL CREDIT UNION
                           Through Vicki Swann
                           5711 Allentown Road
                           Suitland, MD 20746-4547

                           COUNTRYWIDE LEGAL DEPARTMENT
                           Through Claudia Fercano
                           5220 Los Virgenes Road, Calabasas, CA 91302

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA
WASHINGTON, DC

| | | |
|---|---|---|
| ABDUL MED BANGURA | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 1:07-mc-00279 |
| | ) | |
| UNITED STATES | ) | |
| | ) | |
| Respondent | ) | |
| | ) | |

DECLARATION of JAMES C. BROWN

DISTRICT OF COLUMBIA          )          ss

James C. Brown, being of legal age and pursuant to the provisions of 28 U.S.C., declares

and states as follows:

1.  I am a duly commissioned Revenue Agent of the Small Business/Self Employed

    Division, Examination Unit of the Internal Revenue Service with post of duty at

    Washington, D.C., and performing my duties under the South Atlantic Area

    Director of the SB/SE Division of the Internal Revenue Service.

2.  In my capacity as a Revenue Agent, I was assigned to examine the federal tax

    returns of Abdul Med Bangura, ('the taxpayer'), for the calendar years ending

    December 31, 2004 and December 31, 2005.

3. The purpose of the examination is, for the time period under audit, to determine the taxpayer's correct tax liabilities under The Internal Revenue Code of 1986.

4. As of the date of this declaration, no recommendation has been made to the Department of Justice for the grand jury investigation of, or the criminal prosecution of, the taxpayer. Moreover, the Department of Justice has not made any request under 26 U.S.C. section 6103(h)(3)(b) for the disclosure of any return or return information (as such terms are defined in 26 U.S.C. section 6103(b) ) relating to the taxpayer.

5. During the course of my examination, I learned that the taxpayer purchased a half million dollar residential real property in Fort Washington, MD during the 2005 tax year. Based on information relating to this purchase, I determined the taxpayer may have additional unreported income. Countrywide Home Loans Inc. was the primary lender and Andrews Federal Credit Union was the taxpayer's primary financial institution. These firms are believed to be in possession of books, papers, records, financial statements, records on loan transactions, and other data relating to the taxpayer's financial status, all of which relate to the examination described in paragraphs 2 and 3, above.

6. Taxpayer was uncooperative during the course of the examination, asserting that he was not required to provide records.

7. The Internal Revenue Service does not have in its possession, nor does it have access to, any of the information or records requested in the summonses.

8. There are no materials in the administrative file indicating the existence of a referral from a Pentagon employee. I was not aware of any such referral when I issued the summonses nor was I aware that such a referral actually occurred.

9. Pursuant to the examination and in accordance with 26 U.S.C. sections 7602, 7603, and 7609, I issued Internal Revenue Service summonses to the following two summonsed parties:

   a. Countrywide Legal Department
      (Ex. 101 attached hereto); and

   b. Andrews Federal Credit Union
      (Ex. 102 attached hereto).

10. On June 8, 2007, I served the summonses described in paragraph 8, above, on the summoned parties by certified mail.

11. Notice of the issuance of the summonses described in paragraph 8a.and 8b, above, was given as required by 26 U.S.C. section 7609, by certified mail to Abdul Med Bangura on June 8, 2007.

12. The taxpayer caused compliance with the summonses described in paragraphs 8a. and 8b. to be stayed by filing the petition to quash summons on June 29, 2007.

13. The books, papers, records, financial statements, records on loan transactions, and other data are presumably in the possession of the Internal Revenue Service. Summoned records received July 5, 2007 in sealed envelope(s). Records have not been unsealed or examined. The records are relevant and necessary to the purpose of the examination in that they may shed light on the correct tax liabilities of the taxpayer for the tax periods ending December 31, 2004 and December 31, 2005.

14. The Internal Revenue Service has otherwise complied with all material provisions

required by the Internal Revenue Code of 2007, with respect to the summonses

described in paragraph 8, above.

FURTHER, declarant says not.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 09, 2007.

*James C. Brown*
JAMES C. BROWN
Internal Revenue Service
Revenue Agent
Small Business/Self Employed
Examination Group 1460
Wilmington District
Washington, DC



# Summons

**In the matter of** Abdul Bangura

**Internal Revenue Service (Division):** Small Business/Self Employed Division

**Industry/Area (name or number):** South Atlantic/Area 3

**Periods:** Calendar year ending December 31, 2005

### The Commissioner of Internal Revenue

**To:** Countrywide Legal Department, through Claudia Fercano

**At:** 5220 Los Virgenes Road, Calabasas, CA 91302

You are hereby summoned and required to appear before James C. Brown, Revenue Agent, ID No. 52-32064 an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

1). All records on any loan transactions involving the above named taxpayer for the period 1/1/05 through 12/31/05, including details of any cash/check payments by said taxpayer.

> **GOVERNMENT EXHIBIT**
> _101_
> 1:07-mc-00279

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**

500 North Capitol Street NW, Room 1400, Washington, DC 20221    202-874-0520

**Place and time for appearance at** 500 North Capitol St NW, Room 1400, Washington, DC 20221  Telephone:(202) 874-0520

to appear or return by mail

## IRS

on the 10th day of July , 2007 at 9 o'clock a. m.
(year)

Issued under authority of the Internal Revenue Code this 8th day of June , 2007 .
(year)                                    (year)

**Department of the Treasury**
**Internal Revenue Service**

_James C. Brown_

Signature of issuing officer

Revenue Agent
Title

**www.irs.gov**

Signature of approving officer *(if applicable)*

Group Manager
Title

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

**Original** — to be kept by IRS

# Service of Summons, Notice and Recordkeeper Certificates

**(Pursuant to section 7603, Internal Revenue Code)**

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|------|------|
| June 8, 2007 | 9:00 a.m. |

**How Summons Was Served**

1. ☐ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☐ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): _____

3. ☒ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: _____
5220 Los Virgenes Road, Calabasas, CA 91302

| Signature *James C. Brown* | Title Revenue Agent |
|---|---|

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: June 8, 2007          Time: 9:00 a.m.

Name of Noticee: Abdul Bangura

Address of Noticee (if mailed): 1634 Saratoga Court, Fort Washington, MD 20744-4186

**How Notice Was Given**

☒ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☐ No notice is required.

| Signature *James C. Brown* | Title Revenue Agent |
|---|---|

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title Revenue Agent |
|---|---|

Form **2039** (Rev. 12-2001)



# Summons

In the matter of  Abdul Bangura

Internal Revenue Service (Division):  Small Business/Self Employed Division

Industry/Area (name or number):  South Atlantic/Area 3

Periods: Calendar years ending December 31, 2004 and December 31, 2005

## The Commissioner of Internal Revenue

**To:**  Andrews Federal Credit Union, through Vicki Swann

**At:**  5711 Allentown Road, Suitland, MD 20746-4547

You are hereby summoned and required to appear before  James C. Brown, Revenue Agent, ID No. 52-32064
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

1).   All bank statements including records of certificates of deposit and savings account passbook, signature cards, deposit slips and deposited items, cancelled checks, and entry records for any safe deposit boxes maintained for the period 1/1/04 through 12/31/05 over which the above named taxpayer had any signatory authority.

2).   All books, papers , records, financial statements, and other data reflecting the assets and liabilities of the above named taxpayer for the period  1/1/04 through 12/31/05.

3).   All records on any loan transactions involving the above named taxpayer for the period 1/1/04 through 12/31/05.

> GOVERNMENT
> EXHIBIT
> 102
> 1:07-mc-00279

## Do not write in this space

**Business address and telephone number of IRS officer before whom you are to appear:**

500 North Capitol Street NW, Room 1400, Washington, DC 20221    202-874-0520

**Place and time for appearance at**  500 North Capitol St NW, Room 1400, Washington, DC 20221  Telephone:(202) 874-0520

# IRS

to appear or return by mail

on the ___10th___ day of ___July___, ___2007___ at ___9___ o'clock ___a.___ m.
                                                    (year)

Issued under authority of the Internal Revenue Code this ___8th___ day of ___June___, ___2007___
                                                              (year)

**Department of the Treasury
Internal Revenue Service**

**www.irs.gov**

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

*James C. Brown*
Signature of issuing officer

*Delee Tuchey*
Signature of approving officer (if applicable)

Revenue Agent
Title

Group Manager
Title

**Original** — to be kept by IRS



# Service of Summons, Notice and Recordkeeper Certificates

**(Pursuant to section 7603, Internal Revenue Code)**

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|---|---|
| June 8, 2007 | 9:00 a.m. |

**How Summons Was Served**

1. ☐ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☐ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): _____

3. ☒ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: _____
   5220 Los Virgenes Road, Calabasas, CA 91302

| Signature | Title |
|---|---|
| *James C. Brown* | Revenue Agent |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: June 8, 2007        Time: 9:00 a.m.

Name of Noticee: Abdul Bangura

Address of Noticee (if mailed): 1634 Saratoga Court, Fort Washington, MD 20744-4186

**How Notice Was Given**

☒ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☐ No notice is required.

| Signature | Title |
|---|---|
| *James C. Brown* | Revenue Agent |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|---|---|
| | Revenue Agent |

Form **2039** (Rev. 12-2001)